UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LORI BUTTS,  Case No.:

       Plaintiff,

vs.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY and LIBERTY MUTUAL
INSURANCE COMPANY,

       Defendants.      /



FILED by RAL D C
INTAKE
FEB 23 2010
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. OF FLA. MIAMI

## NOTICE OF REMOVAL

Defendants, LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY ("hereinafter collectively referred to as "Liberty"), pursuant to 28 U.S.C. § 1446 (2009), files its Notice of Removal of the lawsuit entitled *Lori Butts v. Liberty Mut. Fire Ins. Co. and Liberty Mut. Ins. Co.*, Case No. 09-12828 SP 25 (Miami-Dade County, FL), and in support thereof, states as follows:

1. Defendants Liberty are Massachusetts corporations with their principal place of business in Boston, Massachusetts.

2. Plaintiff LORI BUTTS ("Butts") is a citizen of the State of Florida.

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (2009) as the lawsuit involves citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Although no specific amount in controversy is pled in Butts' complaint, a demand has been made on behalf of Butts under the Liberty policies for $1,250,000.00 in uninsured motorist benefits. *See* Letter of Bernard Butts, Jr., dated August 11, 2008 attached as Exhibit "A."

Case No.:

4. This Notice is being made within thirty (30) days of service of Butts' initial pleading on Liberty pursuant to 28 U.S.C. § 1446(b).

5. Attached as Composite Exhibit "B" to this notice are true and correct copies of all process, pleadings and discovery requests pertaining to this lawsuit.

WHEREFORE, defendants LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY respectfully request that this Court remove the pending lawsuit in Miami-Dade County, Florida to this Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2010, I served a true and correct copy of the foregoing on Bernard Butts, Jr. Esq., Bernard H. Butts, Jr., P.A., 6291 S.W. 40th St., Miami, Florida 33155.

s/John J. Cavo
Andrew E. Grigsby
Florida Bar No. 328383
John J. Cavo
Florida Bar No. 0462764
agrigsby@hinshawlaw.com
jcavo@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063

2

14469387v1 909107 2842

*Bernard H. Butts, Jr., P.A.*<br/>ATTORNEY AT LAW

BERNARD H. BUTTS, JR.*
LEWIS MERTZ
DOMINGO GONZALEZ

RECEIVED AUG 1 4 2008 FT. LAUDERDALE

SUITE 210
1790 WEST 49TH STREET
HIALEAH, FLORIDA 33012

TELEPHONE
MIAMI: (305) 821-4581
FAX: (305) 821-3738
E-MAIL
BBUTTS2007@AOL.COM

*BOARD CERTIFIED CIVIL TRIAL

August 11, 2008

Brigette Klein
Liberty Mutual
P.O.Box 407013
Ft. Lauderdale, Florida 33340

    **Insured: Bernard Butts**
    **Claimant: Lori Butts**
    **D/L    : 1/31/07**
    **Claim  : LA518-008236445-01**

Dear Ms. Klein

    I now think that we need to have some sort of communication between us before we litigate this residency issue regarding coverage for my daughter Lori, under our uninsured motorist coverage.

    The vehicle of my wife was insured with State Farm and they paid their $25,000 uninsured motorist limits last year. Most recently, Allstate, Lori's car insurer, paid its $250,000. uninsured motorist limits because Lori's injury is very severe.

    I am enclosing medical bills, reports, hospital records,


EXHIBIT A

sides of her jaw, and has a steel plate in her face. She had braces due to the jaw fracture, she has massage weekly to help alleviate her back pain and she has had a hard time coping so she is under weekly psychological care.

I, as her father, have helped her financially and emotionally, but she does not have enough insurance coverage to pay her medical bills in order not to be going back ward financially.

I am asking, not demanding the $1,250,000.00 of uninsured motorist coverage available under our policy. This will in no way compensate her for what she has or will go through.

Her surgeon at JMH was Dr. Jesus Gomez who placed the steel plate in her jaw. Dr. Dennis Patin is an anesthesiologist who is at Sylvester Cancer Center at Jackson who does the neck injections. Dr. Joe Mc Cain is the oral surgeon, Dr, Phillip Kanner is the orthodontist, who put her braces on, Dr Angelica Hart is another anesthesiologist, Lisette Motta is a cranial sacral therapist and Cynthia Rock is the psychological therapist.

Lori is going to have surgery August 26th, 2008 as she needs to have a bone graft in her jaw so there is enough bone to receive her tooth implant.

There are other medical providers in the bills and record. If you call me when you see a name, I will ask Lori who the particular medical person is and what specialty he or she affords.

Humana payment sheet, a statement by Lori of where she is medically, and documents to help substantiate the terrible injury and loss Lori has presently and will have in the future.

I have also enclosed the payment Allstate recently paid regarding the Jackson Hospital bill of $46,607.48 for the initial hospital stay.

Additionally, I am sending you a list that Lori has given me for her out of pocket expenses. Due to the fact that Humana only allows 12 physical therapy treatments per year, Lori is now paying this out of her pocket as she has thousands of dollars in other medical expenses.

To date her bills approach $200,000. Conservatively, she will incur in her life expectancy, a minimum of $500,000 of future care. Some of this will be paid by Humana and most of it will not be.

Her loss, work wise, is immeasurable. Her profession as a forensic psychologist depends on her mental competency in order to do evaluations in Florida and throughout the United States. This injury has impaired her earning capacity of more than $1 million dollars.

In order to try to restart her reflex sympathetic system, she has had to have 4 injections through her neck into her C5 cervical vertebrae to try to restart her neurological system to balance her sweating and equalize the temperature on both sides of her body. That was done by Dennis Patin at Jackson.

She has had TMJ surgery at Baptist Hospital on both

I realize that you feel the information obtainable by you through the sources available indicate, Lori did not reside with us at the time of her injury. We, of course believe she did legally.

It is time now for you to assign this to someone and obtain discovery that will either solidify your denial or let you realize you may be wrong.

Thank you for your prompt attention to this matter.

Sincerely,

Bernard H. Butts, Jr. P.A.

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**

Florida Department of Financial Services



10-03823

LORI BUTTS

PLAINTIFF(S),

VS.

LIBERTY MUTUAL FIRE INSURANCE COMPANY
AND LIBERTY MUTUAL INSURANCE COMPANY

DEFENDANT(S).
_____/

SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE,
COMPLAINT, DISCOVERY

CASE #: 09-12828 SP 25
COURT: COUNTY COURT
COUNTY: MIAMI-DADE
DFS-SOP#: 10-03823

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 25th day of January, 2010 and a copy was forwarded by Electronic Delivery on the 27th day of January, 2010 to the designated agent for the named entity as shown below.

LIBERTY MUTUAL FIRE INSURANCE COMPANY
LYNETTE COLEMAN  (gbarber@cscinfo.com)
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

BERNARD H. BUTTS, JR.
6291 SW 40 STREET
MIAMI FL 33155

AJ1



EXHIBIT
Composite
B

# IN THE COUNTY COURT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| DIVISION | SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE DISTRICT COURT (File in Quadruplicate) | CASE NUMBER |
|---|---|---|
| X CIVIL<br>__ OTHER | | 09-12828 SP 25 |
| PLAINTIFF(S)<br><br>LORI BUTTS | vs. DEFENDANT(S)<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY | CLOCK IN |

DEFENDANT(S) TO BE SERVED AT:

LIBERTY MUTUAL INSURANCE COMPANY

c/o FLORIDA CHIEF FINANCIAL OFFICER AS RA

200 EAST GAINES STREET

TALLAHASSEE, FLORIDA 32399-4201

RECEIVED IN SERVICE OF PROCESS SECTION
2010 JAN 25 AM 10:18
BY FLORIDA DEPARTMENT OF FINANCIAL SERVICES

STATE OF FLORIDA

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED to appear in person or by attorney at the location indicated below:

__ NORTH DADE JUSTICE CENTER   __ HIALEAH COURTHOUSE   x CORAL GABLES DISTRICT
__ JOSEPH CALEB CENTER   __ MIAMI BEACH DISTRICT   __ SOUTH DADE JUSTICE CENTER
__ DADE COUNTY COURTHOUSE

(Addresses for court locations are printed on the next page)

on March 2, 2010, 900 A .m., in courtroom 1-1 before a Judge of this Court.

THE CASE WILL NOT BE TRIED AT THAT TIME/DO NOT BRING WITNESSES

APPEAR IN PERSON OR BY ATTORNEY

The purpose of the pretrial conference is to record your appearance, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference.

| FILED BY BERNARD H. BUTTS, JR., P.A. | COPY __ MAILED __ HAND-DELIVERED |
|---|---|
| ADDRESS 6291 SW 40 STREET | TO __ PLAINTIFF __ ATTORNEY |
| MIAMI, FLORIDA 33155 | SERVED BY __ MAIL __ SHERIFF __ PROC |
| SERVER | |
| PHONE NUMBER (305)821-4581 | |

SERVED ON DEFENDANT BY FLORIDA DEPARTMENT OF FINANCIAL SERVICES 2010 JAN 27 AM 9:06

| HARVEY RUVIN<br>CLERK OF COURTS | IRENE MANOSALVA<br>BY<br>DEPUTY CLERK | DATE<br><br>JAN 20 2010 |
|---|---|---|

## INSTRUCTIONS

You or your attorney should be prepared to confer with the Court and:

1. EXPLAIN THE NATURE OF THE DISPUTE AND IF SETTLEMENT EFFORTS HAVE BEEN MADE.
2. EXHIBIT ANY DOCUMENTS NECESSARY TO PROVE YOUR CASE.
3. STATE THE NAMES AND ADDRESSED OF YOUR WITNESSES.
4. ESTIMATE HOW LONG IT WILL TAKE TO PRESENT YOUR CASE.
5. STIPULATE AS TO FACTS THAT WILL REQUIRE NO PROOF.

RIGHT TO VENUE. THE LAWS GIVE THE PERSON OR COMPANY WHO HAS SUED YOU THE RIGHT TO FILE SUIT IN ANY ONE OF THE SEVERAL PLACES AS LISTED BELOW. HOWEVER, IF YOU HAVE BEEN SUED IN ANY PLACE OTHER THAN ONE OF THESE PLACED, YOU AS THE DEFENDANT, HAVE THE RIGHT TO REQUEST THAT THE CASE BE MOVED TO A PROPER LOCATION OR VENUE. A PROPER LOCATION OR VENUE MAY BE ONE OF THE FOLLOWING:

1. WHERE THE CONTRACT WAS ENTERED INTO;
2. IF THE SUIT IS ON UNSECURED PROMISSORY NOTE, WHERE THE NOTE IS SIGNED OR WHERE THE MAKER RESIDES;
3. IF THE SUIT IS TO RECOVER PROPERTY OR TO FORECLOSE A LIEN, WHERE THE PROPERTY IS LOCATED.
4. WHERE THE EVENT GIVING RISE TO THE SUIT OCCURRED;
5. WHERE ANY ONE OR MORE OF THE DEFENDANTS SUED RESIDE;
6. ANY LOCATION AGREED TO IN A CONTRACT;
7. IN ANY ACTION FOR MONEY DUE, IF THERE IN NO AGREEMENT AS TO WHERE SUIT MAY BE FILED. WHERE PAYMENT IS TO BE MADE.

IF YOU, AS THE DEFENDANT(S) BELIEVE THE PLAINTIFF(S) HAS/HAVE NOT SUED IN ONE OF THESE CORRECT PLACES, YOU MUST APPEAR ON YOUR COURT DATE AND ORALLY REQUEST A TRANSFER OR YOU MUST FILE A WRITTEN REQUEST FOR TRANSFER, IN AFFIDAVIT FORM (SWORN TO UNDER OATH) WITH THE COURT 7 DAYS PRIOR TO YOUR FIRST COURT DATE AND SEND A COPY TO THE PLAINTIFF(S) ATTORNEY, IF ANY. A COPY OF THE STATEMENT OF CLAIM SHALL BE SERVED WITH THIS SUMMONS.

### IMPORTANT INFORMATION - READ CAREFULLY

If you are a defendant and fail to appear on said date, in person or by attorney, a judgment may be entered against you. If you are a plaintiff and fail to appear on said date, in person or by attorney, this case may be dismissed for Lack of Prosecution. You MUST advise the Clerk, in writing, of any change in your address.

### DADE COUNTY COURT FACILITIES

| | | |
|---|---|---|
| Dade County Courthouse (05) | North Dade Justice Center (23) | Coral Gables District (25) |
| Room 133-138 | Room 100 | 3100 Ponce de Leon Blvd. |
| 73 W. Flagler Street | 15555 Biscayne Blvd. | Coral Gables, FL 33134 |
| Miami, FL 33130 | Miami, FL 33160 | |
| Joseph Caleb Center (20) | Miami Beach District (24) | South Dade Justice Center (26) |
| Room 205 | Room 224 | Room 1200 |
| 5400 NW 22 Avenue | 1130 Washington Avenue | 10710 SW 211 Street |
| Miami, FL 33142 | Miami Beach, FL 33139 | Cutler Ridge, FL 33189 |

### AMERICANS WITH DISABILITIES ACT OF 1990

IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT THE DADE COUNTY COURT'S ADA COORDINATOR AT 73 W. FLAGLER STREET, ROOM 1600, MIAMI, FLORIDA, 33130, TELEPHONE NUMBERS (305)375-2006 FOR VOICE, 305)375-2007 FOR TDD AND (305)350-6205 FOR FAX, WITHIN TWO (2) WORKING DAYS OF YOUR RECEIPT OF THIS DOCUMENT. TDD USERS MAY ALSO CALL 1-800-955-8771, FOR THE FLORIDA RELAY SERVICE.

IN THE COUNTY COURT IN AND
FOR DADE COUNTY FLORIDA

CIVIL DIVISION

CASE NO.:

LORI BUTTS

Fl Bar No.: 103710

Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY
and LIBERTY MUTUAL INSURANCE COMPANY,
a foreign insurers

Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, LORI BUTTS, by and through the undersigned counsel, sues the Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, and alleges as follows:

1. This is an action for declaratory relief pursuant to section 86.011 of the Florida Statutes.

2. The Defendant is a corporation authorized to do business and does conduct business in Dade County, Florida thereby providing this Court with jurisdiction over the Defendant.

3. On or about 1/31/07, LORI BUTTS was involved in an automobile accident in the State of Florida.

4. The accident was caused in whole or in part by an uninsured motorist who caused LORI BUTTS to crash and be injured.

5. LIBERTY MUTUAL FIRE INSURANCE COMPANY provided uninsured motorist coverage to Bernard H. Butts, Jr. Under policy A02 251 511295-00-9-8 for vehicles at 2850 Emathla Street, Miami, Florida 33133 and for relative residing therein on the day of the aforementioned accident and LIBERTY MUTUAL INSURANCE COMPANY provided uninsured motorist coverage to Bernard H. Butts, Jr. for excess coverage under policy LJ-251-596280-009-8 on the same basis as the underlying policy as described.

6. At all times material hereto, said policy of insurance was in full force and effect.

7. On the date of the accident LORI BUTTS was the natural daughter of Bernard H. Butts, Jr. and residing with him at the 2850 Emathla Street, Miami, Florida 33133 address.

8. Liberty Mutual under both policies has denied that LORI BUTTS was a resident relative at the time of the accident and has otherwise denied coverage.

8. As such, Plaintiff LORI BUTTS is in doubt as to her rights under the policy described and:

Under Florida Statute 86.011 asks this Court to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed and asks the court to render declaratory judgments on the existence, or nonexistence of his right to collect uninsured motorist coverage under the policy at issue.

9. Additionally, Plaintiff is entitled to statutory attorney's fees pursuant to Florida Statute §§ 627.736 and 627.428.

WHEREFORE, the Plaintiff requests a declaration:
a. That he has uninsured motorist coverage for the accident in question
b. That the accident was caused in whole or in part by an uninsured motorist
c. Grant attorney fees and costs.

BERNARD BUTTS JR., P.A.
Attorneys for Plaintiff
6291 SW 40th Street
Miami, Florida 33155
Tel: (305) 821-4581
Fax: (305) 821-3738

_____
Bernard H. Butts, Esq.

IN THE COUNTY COURT OF
MIAMI DADE COUNTY, FLORIDA
CASE NUMBER:

LORI BUTTS

    Plaintiff,
vs.

LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,

    Defendants
_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

**COMES NOW**, the Plaintiff, LORI BUTTS, by and through undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests the Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY produce legible copies of the following documents to the Plaintiff within **Forty-five (45) days** after service of this request:

1. A copy of all insurance policies that would inure to the benefit of the Plaintiff herein, together with any declaration of coverage pages, and any additional addendums to the policy(ies).

2. Copies of all correspondence from any attorney representing the Plaintiff or Insured for the injuries arising out of this cause of action, directed to the Defendant insurance company, its employees or agents, and any documents attached to said correspondence, pertaining to Plaintiff's claims.

3. Copies of any and all Independent Medical Examinations, paper reviews, or reports indicating Plaintiff's claims for medical treatment and/or wage losses are not reasonable, related, or necessary in regards to the automobile crash of 1/31/07.

4. Copies of any and all correspondence from the Defendant to the Plaintiff and/or his attorney, regarding Plaintiff's claims for benefits.

5. Copy of the Defendant's entire claims file, including front to back cover, for the Plaintiff's claim herein as it is kept in the normal course of business, excluding any documents to which Defendant claims a privilege. ALL DOCUMENTS FOR WHICH DEFENDANT ALLEGES A PRIVILEGE SHALL BE LISTED IN THE MANNER DESCRIBED IN F.R.C.P. 1.350.

6. Any and all surveillance reports, claims history reports, or other investigation reports prepared by you, or on your behalf, with regard to the Plaintiff.

7. Any and all surveillance films, photographs, or audio tapes taken by you or anyone on your behalf, of the Plaintiff.

8. An up-to-date PIP benefit pay-out sheet for the Plaintiff.

9. Any and all statements taken by the Defendant of any witnesses with regard to any fact relevant to any issue in this case.

10. Any and all photographs in the Defendant's possession showing the extent of damage to any of the vehicles involved in the 1/31/07, as were taken prior to the filing of suit.

11. Any and all photographs in the Defendant's possession showing the scene of the 1/31/07, as were taken prior to the filing of suit.

12. Any and all estimates of repair or statements concerning the nature and extent of damage to any vehicles involved in the 1/31/07.

13. Any and all writings, memoranda, notes or other materials reflecting examination by the Defendant of any of the vehicles involved in the 1/31/07.

14. Copies of any and all check paid under ths policy of insurance to any entity including, but not limited to, Medical, Rescue Personnel, Towing Companies, Hospitals, Clinics., etc.

15. Any and all documentation regarding the funds paid to any organization, entity, company or business who:
    a. Scheduled an "Independent Medical Examination" regarding this claim.
    b. Scheduled or had records sent to have a "peer review" done regarding this medical bills involved in this claim.
    c. Performed an "Independent Medical Examination" regarding this claim.
    d. Performed a "Peer Review" regarding this claim.

16. The name, publish date, publisher, edition and a complete copy of the book, manual, treatise, guide or pamphlet that is used by Defendant, its agents, adjusters and or employees in determining the issue of residency under its policy. Please include edition, year and publisher when responding to this request.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was attached to the Summons and Complaint served upon the Defendant.

BERNARD H. BUTTS, JR., P.A.
1790 W. 49th Street
Suite 210
Hialeah, Florida 33012
Ph: (305) 821-4581
By: _____
Bernard H. Butts, Jr.

IN THE COUNTY COURT IN AND
FOR DADE COUNTY FLORIDA

CIVIL DIVISION

CASE NO.:

LORI BUTTS

Fl Bar No.: 103710

    Plaintiff

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,

    Defendants
_____/

## FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW the Plaintiff, LORI BUTTS, by and through undersigned counsel, pursuant to Fla. R. Civ. P. 1.370 of the Florida Rules of Civil Procedure, hereby request Defendant to admit, in this action, that each of the following statements are true. **In the event that no written answers or objections are received within thirty days from the date of service, the matters set forth herein will be deemed admitted.**

1. LORI BUTTS was involved in a motor vehicle crash on 1/31/07.
2. LORI BUTTS, or someone on their behalf, provided you with notice of a claim/traffic crash as soon as practicable.
3. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY investigated this claim in order to authenticate same.
4. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY conducted a thorough investigation of the occurrence of the traffic crash.
5. There are no coverage defenses to LORI BUTTS, claim.
6. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY has no evidence to indicate that LORI BUTTS

committed any fraud with respect to the claim with Defendant regarding the traffic crash on 1/31/07.

7. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY has no evidence to indicate that medical providers committed any fraud with respect to the services provided to with respect to the automobile crash of 1/31/07.

8. LIBERTY MUTUAL's investigation indicates that LORI BUTTS was involved in an automobile crash on 1/31/07.

9. LORI BUTTS reported to LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY that she was injured during the motor vehicle crash of 1/31/07.

10. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY or an appointed agent/representative conducted a thorough investigation of this claim.

11. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY and/or its agents are not aware of any facts that dispute that LORI BUTTS sustained an injury as a result of her involvement in the automobile crash of 1/31/07.

12. On 1/31/07, LORI BUTTS was covered under a AUTO. Policy with LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY that provided benefits UNINSURED MOTORIST for the 1/31/07 auto accident.

13. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY or its agents received notice of a claim for uninsured motorist benefits in a timely manner in this case from LORI BUTTS.

14. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY has not requested a "peer review" of LORI BUTTS's medical treatment.

15. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY made no payments on any of LORI BUTTS's medical bills.

16. Admit that LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY both provide uninsured motorist coverage to Bernard H. Butts, Jr. at the address of 2850 Emathla St. Miami, Florida on 1/31/07.

17. Plaintiff is entitled to recover attorneys fees if it is successful in the prosecution of this case.

18. LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY received a demand letter from Plaintiff for uninsured motorist benefits prior to the filing of this suit.

19. Admit that the defendants never requested a sworn statement from LORI BUTTS.

20. Admit that the all condition precedent to filing suit in this case have been met..

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served with the summons and the complaint.

> BERNARD BUTTS JR., P.A.
> Attorneys for Plaintiff
> 1790 W. 49th St., Suite 210
> Hialeah Fl 33012
> Tel: (305) 821-4581
>
> _____
> Bernard Butts, Jr., Esq.

IN THE COUNTY COURT IN AND
FOR DADE COUNTY FLORIDA

CIVIL DIVISION

CASE NO.:

LORI BUTTS

Fl Bar No.: 103710

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY
and LIBERTY MUTUAL INSURANCE COMPANY,
a foreign insurers

    Defendants.
_____/

## NOTICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

COMES NOW the Plaintiff, LORI BUTTS, by and through undersigned attorney, propounds the attached Interrogatories to the Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY to be answered, in writing, in accordance with Rule 1.340 of the Florida Rules of Civil Procedure.

### CERTIFCATE OF SERVICE

I HEREBY CERTIFY that at true and correct copy of the foregoing was were served along with the summons and complaint.

BERNARD BUTTS JR., P.A.
Attorneys for Plaintiff
1790 W. 49th St., Suite 210
Hialeah Fl 33012
Tel: (305) 821-4581
Fax: (305) 821-3738

_____
Bernard H. Butts, Esq.

# FIRST SET OF INTERROGATORIES

1. STATE THE NAME, ADDRESS, AND CORPORATE POSITION, IF ANY, OF THE PERSON ANSWERING THESE INTERROGATORIES FOR THE DEFENDANT.

2. PLEASE STATE THE NAME, ADDRESS OF BOTH THE PRE-SUIT ADJUSTER & POST SUIT ADJUSTER WITH THE MOST KNOWLEDGE CONCERNING THE CLAIM FOR UM BENEFITS OF THE PLAINTIFF/ASSIGNOR.

3. PLEASE STATE THE FULL NAMES AND BUSINESS ADDRESS OF THE CORPORATE REPRESENTATIVE DESIGNATED BY DEFENDANT WHO WILL TESTIFY AT TRIAL?

4. WITH REGARD TO THE SUBJECT POLICIES OF INSURANCE AT ISSUE, PLEASE ANSWER THE FOLLOWING:

    (a) WHO IS THE POLICY HOLDER OF THE SUBJECT POLICY AT ISSUE IN THIS LAWSUIT?

    (b) AT THE TIME OF THE SUBJECT ACCIDENT DESCRIBED IN THE COMPLAINT, WAS THE POLICY HOLDER OR CLAIMANT/PATIENT INSURED FOR UNINSURED MOTORIST BENEFITS BY THE DEFENDANT? IF NOT, PLEASE STATE THE UNDERLYING FACTS WHY YOU CLAIM THAT THE POLICY HOLDER OR CLAIMANT/PATIENT NAMED IN THE

COMPLAINT WAS NOT INSURED BY DEFENDANT AT THE TIME OF THE ACCIDENT?

5. WITH RESPECT TO THE REQUEST FOR UNINSURED MOTORIST COVERAGE FOR PLAINTIFF STATE WHAT FACTS THE DEFENDANT RELIES O TO DENY COVERAGE TO LORI BUTTS.

6. STATE IF THIS DEFENDANT AGREES THAT THE ACCIDENT AT ISSUE WAS CAUSED BY AN UNINSURED MOTORIST?

7. STATE WITH SPECIFICITY EXACTLY WHY YOU DENIED THE PLAINTIFF'S CLAIM FOR UNINSURED MOTORIST BENEFITS?

8. STATE THE NAMES AND ADDRESSES OF ALL THE WITNESSES WHO MAY HAVE INFORMATION ABOUT THE ISSUES FRAMED IN THE COMPLAINT.

9. IDENTIFY ALL NATURAL PERSONS WHO HAVE BEEN INVOLVED OR WHO HAVE WORKED IN DEFENDANT'S HANDLING OF PLAINTIFF'S CLAIM.

10. PLEASE STATE THE FACTS UPON WHICH YOU RELY FOR EACH AFFIRMATIVE DEFENSE IN YOUR ANSWER TO THE COMPLAINT.

11. HAVE YOU HEARD OF DO YOU KNOW ABOUT ANY STATEMENT OR REMARK MADE BY OR ON BEHALF OF ANY PARTY TO THIS LAWSUIT, OTHER THAN YOURSELF, CONCERNING ANY ISSUE IN THIS LAWSUIT? IF SO, STATE THE NAME AND ADDRESS OF EACH PERSON WHO MADE THE STATEMENT OR STATEMENTS, THE NAME AND ADDRESS OF EACH PERSON WHO HEARD IT, AND THE DATE, TIME, PLACE AND SUBSTANCE OF EACH STATEMENT.

12. DO YOU INTEND TO CALL ANY EXPERT WITNESSES AT THE TRIAL OF THIS CASE? IF SO, STATE AS TO EACH SUCH WITNESS THE NAME AND BUSINESS ADDRESS OF THE WITNESS, THE WITNESS'S QUALIFICATION AS AN EXPERT, THE SUBJECT MATTER UPON WHICH THE WITNESS IS EXPECTED TO TESTIFY, THE SUBSTANCE OF THE FACTS AND OPINIONS TO WHICH THE WITNESS IS EXPECTED TO TESTIFY, AND A SUMMARY OF THE GROUNDS FOR EACH OPINION.

13. STATE THE AVAILABLE UNINSURED MOTORIST BENEFITS UNDER ANY POLICY OF INSURANCE ISSUED TO BERNARD H. BUTTS JR. ON THE DATE OF THE ACCIDENT

14. STATE EXACTLY WHICH POLICY PROVISIONS THE DEFENDANT CONTENDS AVOIDS UNINSURED MOTORIST COVERAGE FOR LORI BUTTS UNDER THE POLICIES OF INSURANCE ISSUED TO BERNARD H. BUTTS JR AT THE TIME OF THE ACCIDENT

15. STATE EXACTLY WHAT MEDICAL BILLS AND REPORTS HAVE BEEN PROVIDED TO THE DEFENDANT CONCERNING LORI BUTTS FROM THE PLAINTIFF FOR THE ACCIDENT AT ISSUE.